(No. 21820.—

THE PEOPLE *ex rel.* A. V. Smith, State's Attorney, Appellee, *vs.* MARGUERITE PEARCE *et al.* Appellants.

*Opinion filed December 22, 1933—Rehearing denied Feb. 8, 1934.*

WERNER W. SCHROEDER, A. F. BEAUBIEN, and RUNYARD & BEHANNA, for appellants.

OTTO KERNER, Attorney General, and CHARLES E. MASON, State's Attorney, (PETER B. NELSON, SYLVESTER E. QUINDRY, and B. BLAKENEY HARRIS, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The People of the State, on the relation of A. V. Smith, State's attorney of Lake county, filed a bill in the circuit court of that county against Marguerite Pearce, George W. Pearce, August Froelich and forty-five other defendants. The prayer of the bill was that the defendants be restrained from interfering with the free use of Lake Zurich by the public for all lawful purposes and that the title to the land constituting the bed of the lake be quieted in the State in trust for the use of the people. Answers were filed by certain defendants while the bill was taken as confessed by the other defendants. A decree in conformity with the prayer of the bill was entered and Marguerite Pearce, George W. Pearce and August Froelich prosecute this appeal.

By the stipulation of the parties the record in the case of *Leonard* v. *Pearce,* 348 Ill. 518, was received in evidence. Subject to the objections shown by that record, the evidence introduced by the complainants and defendants in that case, it was agreed, should constitute the evidence respectively of the People and of the defendants in this case. The evidence in *Leonard* v. *Pearce, supra,* disclosed the following facts: The subject matter of the litigation comprised portions of sections 17, 18, 19 and 20, in township 43 north, range 10 east of the third principal meridian, in Lake county. The central point of these sections is near the center of Lake Zurich. The tracts in sections 18, 19 and 20 were sold by the United States to John Forsythe on April 18, 1856, and he received a patent therefor. On February 21, 1861, the Surveyor General for

Illinois and Missouri certified that George Hale, State agent for the county of Lake, had chosen the three tracts as swamp land according to the act of Congress, approved September 28, 1850, and the Surveyor General further certified that these tracts constituted swamp land within the meaning of that act. Under subsequent acts of Congress, the State of Illinois became entitled to the purchase money the Federal government received from Forsythe for these tracts of land. The Secretary of the Interior confirmed the finding that the three tracts constituted swamp land within the meaning of the act of September 28, 1850, and that the tracts had been erroneously sold by the United States. The State of Illinois subsequently received the purchase money from the Federal government, and the State in turn paid the money to Lake county. The tract in section 17 never came under the operation of the act of September 28, 1850, because the government sold it in .1841, while the Swamp Land act applied only to lands unsold on and after September 28, 1850. The land in section 17 did not differ from the three tracts in the other sections, save that it was covered by the shallowest water and produced the greatest number of aquatic plants.

The evidence in the case of *Leonard* v. *Pearce, supra,* further discloses acts of ownership, increasing in number, character and extent with the passing of the years, by various persons holding title of record to portions of the bed of the lake. Among such acts were conveyances of parcels of land underlying the waters of the lake, the execution of leases of such parcels, the prevention of the use of the lake over the land owned or claimed, and the payment of the taxes levied thereon annually. The court, by its decree in that case, found, among other things, that the defendants, who are the appellants in this case, owned in fee simple a considerable portion of the bed of Lake Zurich; that their titles were based upon patents from the United States; that the lake had neither outlet nor inlet; that it

had never been meandered and was non-navigable; that the defendants had good title to the land underlying the waters of the lake and the land had never been dedicated to the public; that the public had no right to those waters or to the use thereof, and that the use made of the lake by the public had been merely permissive and had not affected the rights of the defendants to the control of such portions of the lake as they respectively owned.

The appellee argues that the bill of complaint in *Leonard* v. *Pearce, supra,* was dismissed because the decision of the Department of the Interior that the land in question constituted swamp land was not subject to collateral attack; that Lake Zurich is navigable in fact, and being so, the United States never had title to the submerged land and the Department of the Interior had no jurisdiction over it; that, wanting jurisdiction, the department's decision that the land in question constituted swamp land is void; that, instead of a collateral attack by individuals, the State, in the present suit, asserts title to the land in its sovereign capacity as trustee, and that therefore the relief sought may be obtained in this suit. The appellants answer that the land underlying Lake Zurich was selected as swamp land; that this selection was a conclusive determination of a question of fact by the Federal government and that the non-navigability of the lake was thereby established and may not be inquired into in this suit.

The judgment of the land department upon questions of fact, properly determinable by it, is final. (*Heath* v. *Wallace,* 138 U. S. 573; *Smelting Co.* v. *Kemp,* 104 id. 636). A decision of the land department that land is swamp and overflowed land is a conclusive determination of fact subject only to direct attack for fraud or mistake. (*Leonard* v. *Pearce,* 348 Ill. 518; *Daggett* v. *Wilkinson,* 345 id. 244; *State* v. *New,* 280 id. 393; *Johnson* v. *Drew,* 171 U. S. 93; *Burfenning* v. *Chicago, St. Paul, Minneapolis and Omaha Railway Co.* 163 id. 321). Both the United

584

States government and the State of Illinois, by officers authorized and empowered to make such a determination, found as a fact that the land in question was swamp land. Their decision is final and not subject to review in this proceeding. (*Leonard* v. *Pearce, supra*). The rule is not different because the State is the party complainant. *State* v. *New, supra.*

The decree of the circuit court is reversed.

*Decree reversed.*